■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PABELLON, Appellant. [936 NYS2d 191]—

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.

The court properly excluded from the courtroom defendant's aunt, who had previously been warned about her conduct in threatening witnesses, and who had been accused of doing so again. This was not a violation of defendant's right to a public trial.

Defendant's principal argument is that the court should have

made an inquiry of the allegedly threatened witnesses themselves instead of relying on the prosecutor's representations. However, defense counsel's expression of "concern" about excluding the aunt "based on an accusation" was too vague to alert the court to this precise issue. This is particularly significant because the court could have cured the alleged defect immediately had defendant made a contemporaneous objection. Accordingly, that particular aspect of defendant's public trial claim is unpreserved and we decline to review it in the interest of justice.

As an alternative holding, we also reject it on the merits. The prosecutor's detailed description of the threats made by the aunt was sufficient to establish that her presence in the courtroom, during any testimony, posed a danger of witness intimidation. Furthermore, defense counsel did not dispute the alleged witness tampering other than characterizing it as an "accusation." Assuming, without deciding, that the requirements of *Waller v Georgia* (467 US 39 [1984]), including the requirement of an overriding interest, apply to a closure that is limited to the exclusion of a particular spectator from an otherwise open courtroom, we find that all the prongs of the *Waller* test were satisfied. Concur—Mazzarelli, J.P., Andrias, Saxe, Freedman and Román, JJ.